# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| CECELIA A. WRIGHT, | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO.: 1:16-CV-382-TLS |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Cecelia Wright seeks review of the final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits and supplemental security income. The Plaintiff claims that the Administrative Law Judge (ALJ) improperly analyzed and weighed the opinion of Dr. Vijay Kamineni, a consultative examiner. The Plaintiff also maintains that the ALJ failed to properly evaluate the Plaintiff's prior work history when determining her credibility.

For the reasons stated in this Opinion and Order, the Court finds that substantial evidence supports the ALJ's decision, and that there is no basis to remand for further review.

## BACKGROUND

On July 9, 2013, the Plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act, alleging disability beginning on June 9, 2013. (R. at 17, ECF No. 4.) After her claim was denied initially, as well as upon reconsideration, the Plaintiff requested a hearing before an ALJ. (*Id.*) On June 17, 2015, the Plaintiff, who was represented by an attorney, participated in a hearing before the ALJ. (*Id.*) The Plaintiff's husband and a

vocational expert also testified. (*Id.*) On August 7, 2015, the ALJ issued a written decision, applying the well-known five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).

At the first step, the ALJ found that the Plaintiff had not engaged in substantial gainful activity (SGA) since June 9, 2013, the alleged onset date. At the second step, the ALJ determined that the Plaintiff's peripheral neuropathy, breast cancer, degenerative disc disease of the thoracic spine, and osteoporosis were severe impairment that significantly limited her physical ability to do basic work activities. (R. at 19.) However, the ALJ found that the Plaintiff's diagnoses of hyperthyroidism, major depressive disorder, and generalized anxiety disorder caused no more than minimal functional limitations and thus, were non-severe. (R. at 19–20.) Specifically, the ALJ found that the Plaintiff presented little evidence regarding the consequences of her hyperthyroidism and that the record lacked objective medical findings to support the alleged mental disorders. (*Id.*)

At step three, the ALJ considered whether the Plaintiff's impairments, or combination of impairments, met or medically equaled the severity of one of the impairments listed by the Administration as being so severe that it presumptively precludes SGA. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1. Upon review of the medical evidence, the ALJ concluded that the Plaintiff did not have any impairments, or combination of impairments, that met any listing. (R. at 22.)

Next, the ALJ was required, at step four, to determine the Plaintiff's residual functional capacity (RFC), which is an assessment of the claimant's ability to perform sustained work-related physical and mental activities in light of her impairments. SSR 96–8p, 1996 WL 374184,

at *1 (July 2, 1996). The ALJ concluded that the Plaintiff had the RFC to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) except that:

> [S]he can lift, carry, push, or pull 50 pounds occasionally and up to 25 pounds frequently; can frequently climb ramps and stairs; can occasionally climb ladders, ropes, and scaffolds; can frequently be on flooring that is uneven, slick, or otherwise requires balance; can frequently stoop, kneel, crouch, and crawl; and must avoid concentrated exposure to vibrations, including working with or in close proximity to vibrating tools.

(R. at 22–23.)

At the final step of the evaluation, the ALJ determined that the Plaintiff was not disabled because she was capable of performing her past relevant work as a licensed practical nurse. (R. at 27–28.) The ALJ also determined that the Plaintiff can work as a dishwasher, hand packager, and cook's helper, all of which exist in significant numbers in the economy. (R. at 29.)

The Plaintiff sought review of the ALJ's decision by the Appeals Council. The Appeals Council subsequently denied review, making the ALJ's decision the final decision of the Commissioner. *Liskowitz v. Astrue*, 559 F.3d 736, 739 (7th Cir. 2009). The Plaintiff now seeks judicial review under 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

A claimant is disabled only if she shows an inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). She has the burden of proving disability. *See* 42 U.S.C. § 423(d)(5)(A). She must establish that her physical or mental impairments "are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er]

age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

A court will affirm the Commissioner's findings of fact and denial of disability benefits if they are supported by substantial evidence. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It must be "more than a scintilla but may be less than a preponderance." *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). Even if "reasonable minds could differ" about the disability status of the claimant, the court must affirm the Commissioner's decision as long as it is adequately supported. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

It is the duty of the ALJ to weigh the evidence, resolve material conflicts, make independent findings of fact, and dispose of the case accordingly. *Perales*, 402 U.S. at 399–400. In this substantial-evidence determination, the court considers the entire administrative record but does not reweigh evidence, resolve conflicts, decide questions of credibility, or substitute the court's own judgment for that of the Commissioner. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). Nevertheless, the court conducts a "critical review of the evidence" before affirming the Commissioner's decision, and the decision cannot stand if it lacks evidentiary support or an inadequate discussion of the issues. *Id.*

The ALJ is not required to address every piece of evidence or testimony presented, but the ALJ must provide a "logical bridge" between the evidence and the conclusions. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). If the Commissioner commits an error of law, remand

4

is warranted without regard to the volume of evidence in support of the factual findings. *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997).

## ANALYSIS

A.  **Analysis and Weight of Consultative Examiner**

The Plaintiff argues that the ALJ improperly analyzed and weighed the opinion of Dr. Kamineni, a consultative examiner working for the Social Security Administration. In particular, the ALJ points to Dr. Kamineni's assessment, which states:

> Medical Source Statement: The patient can sit for 30 minutes. She states she can stand for 30 minutes. She states she can carry 20 pounds a short distance. She states she is able to walk 6 minutes. She states she can lift 10 pounds over her head one time. She can step up an 8 inch step. She states she has normal fine motor skills with normal handling of fine objects. Normal concentration and social interaction. Remote and recent memory intact. Normal hearing, speech, and vision.

(R. at 297.) The ALJ held:

> No weight is given to the brief statement made by Dr. Kamineni at the conclusion of his consultative examination report, to the effect that the claimant "can sit for 30 minutes." This appears to have been only a recitation of the claimant's allegations rather than the doctor's own opinion of her capabilities; in that same paragraph, he went on to list the claimant's own claims, saying for example that "she states she can stand for 30 minutes," and "she states she can lift 10 pounds over her head one time." It appears based on the context that the doctor did not intend to opine that the claimant could only sit for 30 minutes at one time; in any case, this is inconsistent with the doctor's own excellent examination and findings of good gait, normal strength and range of motion, and no noted weaknesses.

(R. at 27 (internal citations omitted).) The Plaintiff argues that Dr. Kamineni's assessment in the "'Medical Source Statement' [section] means that it is the doctor's opinion . . ." and though the assessment may have been the Plaintiff's own subjective statements, "after the statements have been tested against the actual examination and evaluated with the doctor's expertise, they then

5

become the doctor's opinion on limitations if they are included in the 'Medical Source Statement.'" (Pl. Br. 11, ECF No. 16.) Therefore, the Plaintiff argues that the limitation of sitting for 30 minutes is "transformed into the doctor's opinion" and the ALJ both substituted his own medical opinion for that of an expert and cherry picked Dr. Kamineni's report. (*Id.* at 11–12.)

The Court finds that the ALJ committed no reversible error in weighing Dr. Kamineni's opinion. The ALJ reasonably considered the context in which Dr. Kamineni made his assessment, finding that Dr. Kamineni's notation that the Plaintiff "can sit for 30 minutes" appeared to be a recitation of the Plaintiff's own subjective complaints of limitation, and was not an independent medical opinion—the same paragraph lists several of the Plaintiff's subjective statements. (*See* R. at 297 ("She states she can stand for 30 minutes. She states she can carry 20 pounds . . . . She states she is able to walk 6 minutes.").) Thus, the ALJ reasonably found that "[i]t appears to be based on the context that the doctor did not intend to opine that the claimant could only sit for 30 minutes at a time . . ." because the doctor was reciting the Plaintiff's own statements. (R. at 27.)

"ALJs must . . . assess the degree to which medical opinions are based on objective medical evidence and not solely a claimant's subjective assertions," *McCurrie v. Astrue*, 401 F. App'x 145, 150 (7th Cir. 2010), and an ALJ may "properly reject a doctor's opinion if it is based on subjective allegations . . . . ." *Bradley v. Comm'r of Soc. Sec.*, No. 3:07-CV-599, 2008 WL 5069124, at *5 (N.D. Ind. Nov. 25, 2008); *see also Ketelboeter v. Astrue*, 550 F.3d 620, 625 (7th Cir. 2008) (holding that the doctor's conclusions about the plaintiff's limitations "were based almost entirely on [the plaintiff's] subjective complaints rather than objective evidence" and could be discounted); *Rogers v. Colvin*, 37 F. Supp. 3d 987, 998–99 (N.D. Ill. 2014) ("When a

6

doctor's conclusions are based solely on a claimed symptom or subjective complaint from a patient, they may be, in appropriate circumstances, discounted.") (citations omitted). "[I]t is basic that a doctor's conclusions regarding a claimed symptom or subjective complaint from the patient are not medical evidence; they are the 'the opposite of objective medical evidence.'" *Thorps v. Astrue*, 873 F. Supp. 2d 995, 1005 (N.D. Ill. 2012) (quoting *Schaaf v. Astrue*, 602 F.3d 869, 875 (7th Cir. 2010)).

Moreover, the ALJ held that "in any case, this is inconsistent with the doctor's own excellent examination and findings of good gait, normal strength and range of motion, and no noted weaknesses." (R. at 27.) Thus, the ALJ found that <u>even if</u> Dr. Kamineni provided a medical opinion that the Plaintiff "can sit for 30 minutes," any sitting limitation was not supported by, and is in fact inconsistent with, Dr. Kamineni's own examination results. *See* 20 C.F.R. § 404.1527(e); SSR 96-2p (listing supportability and consistency as factors the ALJ considers in weighting a physician's opinion). In *Schreiber v. Colvin*, the Seventh Circuit held that an ALJ may discount a "physician's medical opinion if the opinion . . . is internally inconsistent, as long as he minimally articulates his reasons for crediting or rejecting evidence of disability." 519 F. App'x 951, 958 (7th Cir. 2013) (citation omitted); *see also Knox v. Astrue*, 327 F. App'x 652, 655 (7th Cir. 2009) ("[A]n ALJ should rely on medical opinions based on objective observations and not solely on a claimant's subjective assertion . . . ."). Therefore, in this case, the ALJ articulated his reasons and found that substantial evidence supported his decision to give no weight to any alleged opinion by Dr. Kamineni regarding the Plaintiff's limitations.

7

In response, the Plaintiff argues in her brief that Dr. Kamineni's opinion is consistent with the medical record evidence. However, the only evidence the Plaintiff argues in support is her conclusory statement that "[i]t is entirely logical and supportable that the doctor determined that a 100 lb 50 year old cancer survivor did not have the stamina or the strength to lift 30 lbs frequently in an 8 hour work day." (Pl. Br. 11–12 (emphasis removed).) The Plaintiff does not point to any "medically acceptable clinical and laboratory diagnostic techniques" supporting additional limitations other than those found to be a part of the RFC by the ALJ. *Schaaf*, 602 F.3d at 875. Nor does the Plaintiff cite to evidence in the record, including medical evaluations, demonstrating that Dr. Kamineni used the Plaintiff's weight and status as a cancer survivor in coming up with a limitation for the Plaintiff. Instead, the Plaintiff puts forth her own conclusion, which this Court finds is unsupported.

The Plaintiff makes other skeletal arguments and assertions. For instance, the Plaintiff argues that the ALJ substituted his own amateur medical analysis for that of the expert and improperly "cherry picked" from Dr. Kamineni's report. But, the Plaintiff does not point to what portions of Dr. Kamineni's report she believes the ALJ cherry picked, nor does the Plaintiff explain her support for why she believes the ALJ "played doctor." In fact, the ALJ appeared to have reviewed all of Dr. Kamineni's medical evidence when evaluating the Plaintiff's RFC and found that this evidence leads to "findings of good gait, normal strength and range of motion, and no noted weaknesses." (R. at 27.) The Plaintiff also argues that because Dr. Kamineni was paid by the Social Security Administration, he was not biased towards the Plaintiff. The Plaintiff does not point out where in the ALJ's decision it appears that the ALJ weighed Dr. Kamineni's potential biases, if any. The Court finds that there is no indication in the ALJ's decision that he

assumed Dr. Kamineni was biased towards the Plaintiff. "A skeletal 'argument,' really nothing more than an assertion, does not preserve a claim." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).

Because the Court finds that the ALJ did not err in determining that the Plaintiff does not have a sitting limitation, the Court finds that the Plaintiff's argument suggesting that the Vocational Expert should have been asked about additional sitting limitations are moot.

**B.     Analysis and Weight of Plaintiff's Work History**

The Plaintiff argues that "[a] claimant with a good work record is entitled to substantial credibility when claiming an inability to work because of a disability." (Pl. Br. 14.) In this case, the Plaintiff argues that she was entitled to substantial credibility because she worked as a licensed practical nurse for three decades and had a "consistent and arduous work history, having worked at least 35 years in a row prior to her onset of disability." (*Id.*). She also returned to work after her cancer treatment and since leaving her job, she continues volunteer work.

It is true that though "[a]n ALJ is not statutorily required to consider a claimant's work history," "a 'claimant with a good work record is entitled to substantial credibility when claiming an inability to work because of a disability.'" *Stark v. Colvin*, 813 F.3d 684, 689 (7th Cir. 2016) (citations omitted). The Seventh Circuit has repeatedly found that an ALJ should acknowledge a claimant's efforts to continue to work, especially during treatment. *See, e.g.*, *id.* ("In assessing [the plaintiff's] credibility about the disabling effects of her pain, the ALJ should have

9

acknowledged the plaintiff's efforts to continue work while experiencing significant pain and undergoing numerous surgeries and other treatments to relieve it."); *Pierce v. Colvin*, 739 F.3d 1046, 1051 (criticizing ALJ for failing to consider claimant's "dogged efforts" to work in deciding claimant's credibility); *Flores v. Massanari*, 19 Fed. Appx. 393, 404 (7th Cir. 2001) (criticizing ALJ for failing to acknowledge claimant's solid work history of 13 years). Recently, in *Loveless v. Colvin*, the Seventh Circuit evaluated this existing case law and held, "[b]ut work history is just one factor among many, and it is not dispositive." 810 F.3d 502, 508 (7th Cir. 2016).

Here, the ALJ did not hold the Plaintiff's work history against her when assessing her subjective complaints, and instead considered her work history as a positive credibility factor in his analysis. The ALJ "commend[ed] the claimant on her strong work history, which suggests historically good work motivation and generally lends credibility to her allegations of disabling symptoms," and held that "[i]n addition, the fact that she . . . continued to engage in volunteer work since her alleged disability onset date shows a commendable commitment to community service . . . ." (R. at 26–27.)

The Court finds that it was reasonable and appropriate for the ALJ to have considered the context in which the Plaintiff stopped working. The ALJ held that the Plaintiff's comments to her counselor that she left work because she "[had] reached the point of lost respect and subsequent loss of the bond of loyalty" suggests that the Plaintiff "did not leave work due to a physical inability to complete her duties, but more due to a dissatisfaction with the workplace and workplace personnel." (R. at 26.) This holding does not amount to the ALJ's disregard of the Plaintiff's past work history because they are separate from the Plaintiff's record of a long work

history. In other words, even if a plaintiff has a relatively short work history, statements made by the plaintiff concerning why she left the workplace are relevant to the ALJ's credibility analysis. In this case, the ALJ examined statements by the Plaintiff's counselor that are probative on the issue of whether the Plaintiff truly stopped working because she is disabled.

Moreover, though a plaintiff may have a long record of work history, an ALJ is still required to inquire as to inconsistencies present in the case. In *Reed v. Colvin*, the Seventh Circuit found no reversible error when a plaintiff similarly argued that an ALJ did not properly consider work history in the credibility analysis because "the ALJ's credibility finding rests on a number of inconsistencies undermining [the plaintiff's complaints]" and thus, "[t]he ALJ's credibility assessment . . . is tied to evidence in the record and is not patently wrong, so we will not disturb that assessment." 656 F. App'x 781, 788 (7th Cir. 2016). Similarly, here, the ALJ determined that the Plaintiff's subjective complaints are not supported by the medical evidence and that there is an inconsistency present between the Plaintiff's claim that she cannot work, which "stands at odds" with "her ability to meet the demands of volunteer work" and her ability to engage "in significant exercise, yoga, and multiple vacations . . ." after she stopped working. (R. at 27.)

Accordingly, the ALJ properly analyzed and weighed the Plaintiff's work history when evaluating her credibility.

## CONCLUSION

For the reasons stated above, the decision of the Commissioner is AFFIRMED.

SO ORDERED on February 15, 2018.

                                                        <u>s/ Theresa L. Springmann</u>
                                                       CHIEF JUDGE THERESA L. SPRINGMANN
                                                       UNITED STATES DISTRICT COURT